UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| SANDRA LOWREY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 4:06-CV-01546-CDP |
| | ) |
| MICHAEL J. ASTRUE[1], | ) |
| Commissioner of Social Security, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

This is an action under 42 U.S.C. § 405(g) for judicial review of the Commissioner's final decision partially approving Plaintiff Lowrey's application for disability benefits under Title II of the Social Security Act, 42 U.S.C. §§ 401 et seq., and Supplemental Security Income (SSI) benefits under Title XVI of the Act, 42 U.S.C. §§ 1381 et. seq.. Lowrey first applied for benefits on March 26, 2004, claiming disability as of June 6, 2002 because of her pulmonary disease, stroke, pre-cancerous vulva condition, iron deficiency, back and leg pain, and depression. Her initial application was denied on May 14, 2004 and she did not appeal. Lowrey's second application alleged the same disability and onset date. The

---

[1]Michael J. Astrue became the Commissioner of Social Security on February 12, 2007. Pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure, he will be substituted for Commissioner Linda S. McMahon, who replaced Jo Anne B. Barnhart as Acting Commissioner on January 22, 2007, as the defendant in this suit.

Administrative Law Judge (ALJ), in refusing to reopen the prior claim, found that the period before May 14, 2004 was barred by res judicata. The ALJ determined that Lowrey was entitled to benefits based on the second application, using an onset date of May 15, 2004. Because I find that Lowrey has not presented a colorable constitutional claim and that the ALJ did not constructively reopen her prior application, I conclude that this Court is without § 405(g) jurisdiction to review the Commissioner's denial of Lowrey's petition to reopen her prior benefits claim. This case is, therefore, dismissed pursuant to Rule 12(h)(3) of the Federal Rules of Civil Procedure.

**Procedural History**

In March, 2004, Lowrey filed an application for a Period of Disability and Disability Insurance Benefits under Title II of the Social Security Act. In this initial application, Lowrey alleged that the effects of her pulmonary disease, stroke, pre-cancerous vulva condition, iron deficiency, back and leg pain, and depression constituted a disability under the Act as of June 6, 2002. That application was denied on May 14, 2004 and Lowrey did not appeal. Lowrey then filed a second application, also under Title II of the Act, on October 22, 2004. Her second application was denied on March 8, 2005. On April 5, 2005, Lowrey requested a hearing on her second application. While the hearing was pending, on

May 19, 2005, she filed an application for SSI benefits under Title XVI of the Act. On March 21, 2006, following a hearing, the ALJ made two significant findings. First, the ALJ determined that no good cause existed to reopen Lowrey's first application. Second, the ALJ decided that Lowrey was disabled under the Act as of May 15, 2004, the day after her first application was denied. Lowrey requested review by the Appeals Council of the partially favorable decision and, on August 24, 2006, the Appeals Council denied her request. Therefore, the decision of the ALJ stands as the final decision of the Commissioner.

## Discussion

In her appeal of the ALJ's partially favorable opinion, Lowrey makes four arguments. First, she argues generally that the ALJ erred by refusing to reopen her prior claim. Specifically, Lowrey alleges that the ALJ should have reviewed the evidence used to deny the prior claim in order to determine whether she had furnished "new and material evidence" which would then constitute grounds for reopening. Second, Lowrey argues that the ALJ erred in finding a disability onset date of May 15, 2004 rather than June 6, 2002, claiming that the ALJ failed to provide evidence to support his decision to use May 15, 2004 as the onset date. Lowrey's third and fourth arguments respond to the contention, made by Defendant, that this court lacks jurisdiction to review the ALJ's refusal to reopen

the prior application. To establish jurisdiction, Lowrey argues that the ALJ reconsidered the evidence from the prior claim, constructively reopening it on the merits and subjecting the denial to reopen to judicial review. In her fourth argument, also to establish jurisdiction, Lowrey puts forth a due process claim. Specifically, she argues that the ALJ's failure to consider evidence from the prior claim in deciding not to reopen it constitutes a violation of her due process rights. Each of these arguments asks the court to review the decision not to reopen the prior claim.

Because Title II of the Act limits retroactive benefits to one year before the date of application, a reopening of Lowrey's initial application would benefit Lowrey in two ways. First, it would allow her to establish June 6, 2002 as the onset date of her injury, rather than May 15, 2004. Second, if June 6, 2002 is established as the onset date, reopening would permit Lowrey to recover benefits retroactive to March 26, 2003, one year before the date of her initial application. 42 U.S.C. § 423(b)(2006); 20 C.F.R. § 404.621(a)(1)(i)(2006).

## A. Res Judicata Effect of the First Application

If a decision is not appealed to the appeals council it becomes the final decision of the Commissioner. 20 C.F.R. § 404.905 (2006); 20 C.F.R. § 404.987(a) (2006). Such decisions can be given the effect of res judicata in

subsequent proceedings. Res judicata is appropriately applied where a claimant advances the same claim, based on the same facts and issues, in a subsequent proceeding as was advanced and decided in a prior proceeding where that prior decision has become final. 20 C.F.R. § 404.957(c)(1) (2006); Brown v. Sullivan, 932 F.2d 1243, 1247 (8th Cir. 1991); McGowen v. Harris, 666 F.2d 60, 66-67 (6th Cir. 1981). Lowrey did not appeal the decision handed down in her initial application, making the decision final. In her subsequent application, Lowrey alleged the same onset date and disability as she advanced in her first claim. Applications that advance the same onset date and same impairments are, for the purpose of res judicata, identical. Brown v. Sullivan, 932 F.2d at 1246-47. Here, the ALJ found that the pre-May 15, 2004 period – the period covered in Lowrey's initial application – was barred by the doctrine of res judicata.

While res judicata may ordinarily bar a plaintiff from asserting the same claim in a subsequent proceeding as was already advanced in a prior proceeding, the Social Security Administration (SSA) may, on its own initiative or on the suggestion of the plaintiff, choose to reopen a prior determination. 20 C.F.R. § 404.987(b) (2006). A determination or decision made during the administrative review process may be reopened by the SSA for any reason within twelve months of the decision, and for good cause within four years. 20 C.F.R. § 404.988(a)-(b)

(2006). A prior claim may be reopened by the SSA even if a plaintiff fails to appeal the decision. 20 C.F.R. § 404.987(b) (2006). The SSA will find "good cause" to reopen if new and material evidence is furnished. 20 C.F.R. § 404.989 (2006). Here, the ALJ found that no good cause existed to reopen the prior claim.

As both parties have noted, it is well-settled that courts generally do not have jurisdiction over the Commissioner's decision not to reopen a claim. See Califano v. Sanders, 430 U.S. 99, 107-08 (1977); Davis v. Sullivan, 977 F.2d 419, 420 (8th Cir. 1992). This is because a decision not to reopen is not a final decision within the meaning of the Social Security Act. 42 U.S.C. § 405(g) (2006); Califano v. Sanders, 430 U.S. at 107-09. Reopening is a "matter committed to the Secretary's discretion and may be decided without a hearing." Boock v. Shalala, 48 F.3d 348, 351 (8th Cir. 1995). Courts have noted two exceptions to this general rule. Yeazel v. Apfel, 148 F.3d 910, 911-13 (8th Cir. 1998). First, claims that have been reconsidered on the merits during administrative review are deemed reopened and subject to federal court review. King v. Chater, 90 F.3d 323, 325 (8th Cir. 1996)(citing Jelinek v. Heckler, 764 F.2d 507, 508 (8th Cir. 1985)). Second, where a colorable constitutional challenge has been made, federal courts have jurisdiction to entertain such challenges, seen as unsuitable for resolution in the administrative process. Califano v. Sanders,

430 U.S. at 109.

**B. Constructive Reopening**

In order to obtain judicial review of a decision not to reopen, a plaintiff may show that a prior claim has been reconsidered on the merits during administrative review. King v. Chater, 90 F.3d at 325 (citing Jelinek v. Heckler, 764 F.2d at 508). If it can be shown that the ALJ considered Lowrey's first claim on the merits, this would nullify the res judicata effect of the prior determination. Brown v. Sullivan, 932 F.2d at 1247. Lowrey argues that the ALJ constructively reopened her prior application by explicitly reconsidering the state of the evidence in the prior claim and the prior period.

A claim is not considered reopened by the ALJ where the ALJ looks at a prior application to determine if it raises the same issues as current application. Yeazel v. Apfel, 148 F.3d at 912-13. This is because "the Secretary must in fairness look far enough into the proffered factual and legal support to determine whether it is the same claim, and if so, whether it should nevertheless be reopened as a discretionary matter." McGowen v. Harris, 666 F.2d at 67. In Yeazel, the court found that an ALJ's determination that a current application raised the same issues as a prior application for purposes of res judicata did not constitute a reconsideration of the prior claim on the merits. Yeazel, 148 F.3d at 912-13.

Mere assertion by the ALJ that res judicata applies to a prior claim does not conclusively establish that the court lacks jurisdiction to engage in judicial review. McGowen v. Harris, 666 F.2d at 64. When the Commissioner reconsiders an application on the merits we deem that application to be reopened and thus subject to judicial review. Jelinek v. Heckler, 764 F.2d at 508. In Jelinek, the court found that the ALJ considered the merits of a prior claim despite concluding that the earlier application could not be reopened. Id. The facts in Jelinek are distinguishable from Lowrey's situation. The plaintiff in Jelinek filed three applications for Social Security benefits, all alleging the same disability and onset date. Id. The first two were denied without a hearing and were not appealed. Id. The third claim made it to the hearing level and the ALJ concluded that the prior claims could not be reopened. Id. After so concluding, the ALJ went on to find that the plaintiff was not disabled under the Act because the plaintiff retained residual functional capacity to perform light work and his complaints of pain were not persuasive. Id. These findings were specifically based on medical evidence presented in support of the earlier two claims. Id. Unlike the ALJ in Jelinek, the ALJ here did not rely on medical evidence that was presented in support of a prior claim. Referring to prior evidence only for historical purposes, the ALJ here based his partially favorable decision on new medical evidence that was presented

in support of the current application. All the medical evidence cited in the opinion dates from May 15, 2004 and later.

Lowrey's argument appears to rest on one sentence of the ALJ's opinion: "In fact, the medical record shows that the claimant's primary impairments, a back disorder and depression, were not severe until mid-2004." This sentence, in light of the ALJ's sole reliance on medical evidence post-May 15, 2004, does not constitute a constructive reopening. Mere consideration of evidence from an earlier application is not considered a reopening of the prior claim. Boock v. Shalala, 48 F.3d at 352 n.4.; King v. Chater, 90 F.3d at 325.

In King v. Chater, the ALJ made seemingly contradictory statements regarding the reopening of a prior claim during the adjudication of a second claim. 90 F.3d at 324-25. The plaintiff in King initially applied for benefits in 1987, alleging an onset date of 1985. Id. at 324. That claim was denied, and the plaintiff did not appeal. Id. Over five years later, the plaintiff filed a second application, alleging the same onset date. Id. The ALJ, relying on a change in regulations for determining disability that occurred between the two applications, found a disability dating back to 1985. Id. The ALJ in King expressly stated that good cause to reopen the plaintiff's first application did not exist and ultimately awarded benefits as though the case had not been reopened – retroactive benefits

- 9 -

for one year before the second application.  Id.  In seeming contradiction, however, the ALJ stated that the initial denial was "reopened and revised," and then considered medical evidence dating back to the prior application to determine disability during that period.  Id.  The court in King held that the ALJ did not constructively reopen the prior application, finding that "the earlier case was considered only to the extent necessary to effectuate the result of the award of benefits" in order to find that the plaintiff was disabled on or before the date his insured status expired.  Id. at 325.  The court held that, although the ALJ considered the medical evidence dating back to the original application, the ALJ did so only in connection with the second application.  Id.

Here, Lowrey relies on the ALJ's statement that "the medical record shows that the claimant's primary impairments, a back disorder and depression, were not severe until mid-2004" to argue that the ALJ considered evidence from the prior claim and thus constructively reopened it.  Like the ALJ in King, the ALJ here specifically denied Lowrey's request to reopen, finding no good cause to reopen the prior application.  The ALJ further found that the period prior to the initial denial was barred by the doctrine of res judicata and that "any reference to evidence pre-dating May 15, 2004 is merely made for historical purposes." The ALJ here relied only on post-May 15, 2004 medical evidence to support his

finding. Even assuming that the ALJ considered the medical evidence from the prior application, this would not, in light of King, constitute a constructive reopening. But see Brown v. Sullivan, 932 F.2d at 1246 (finding that where the ALJ used the same medical reports from a prior claim to analyze a subsequent claim, this constitutes a constructive reopening of the prior claim.).

Because the prior claim was barred by res judicata, the ALJ properly set May 15, 2004 as the onset date. Where a proceeding has been given res judicata effect in the current proceeding, as here, the medical evidence from the first proceeding cannot be reevaluated in the later proceeding. Robbins v. Sec'y Health and Human Serv., 895 F.2d 1223, 1224 (8th Cir. 1990)(citing Wilson v. Califano, 580 F.2d 208, 211 (6th Cir. 1978)). The only exception is "where the prior medical evidence would serve as a background for new and additional evidence of deteriorating mental or physical conditions occurring after the prior proceeding." Robbins, 895 F.2d at 1224. See also Bladow v. Apfel, 205 F.3d 356 (8th Cir. 2000)( noting that medical evidence from an initial proceeding cannot be subsequently reevaluated in a later proceeding unless it serves as background to new evidence regarding a changed, deteriorated condition). The doctrine of res judicata precludes a finding of disability before May 14, 2004, the date that Lowrey's first application was denied, because Lowrey did not seek judicial

review of the denial of that application. McClain v. Bowen, 848 F.2d 892 (8th Cir. 1988)(citing Califano v. Sanders, 430 U.S. at 107-09); See also Ellis v. Barnhart, 392 F.3d 988, 991(finding that when an earlier application has been denied, the current disability determination is limited to the period following the most recently denied application.).

## C. Colorable Constitutional Claim

Lowrey further argues that she has raised a colorable constitutional claim entitling her to judicial review. Where a colorable constitutional challenge has been made to a denial to reopen, federal courts have jurisdiction to review the Commissioner's decision. Califano v. Sanders, 430 U.S. at 109. To establish such a claim, Lowrey makes two alternative arguments: Either the ALJ arbitrarily selected the evidence used to make his decision, or the ALJ used evidence from the prior file without providing that evidence to the plaintiff. Lowrey argues that either move by the ALJ violated her procedural due process rights.

First, Lowrey argues that the ALJ used evidence from the prior file to make his decision without providing that evidence to her or to the court. This is not a violation of due process. Due process requires that a plaintiff be afforded a "meaningful opportunity to present [her] case." Mathews v. Eldridge, 424 U.S. 319, 349 (1976). Due process further requires "that a claimant be given the

opportunity to cross-examine and subpoena the individuals who submit reports." Coffin v. Sullivan, 895 F.2d 1206, 1212 (8th Cir. 1990). Lowrey has already been afforded an opportunity to a full administrative hearing and judicial review of her prior claim and had the opportunity to review and refute the evidence associated with her prior application while that application was pending. Since Lowrey failed to appeal the denial of her previous application, it became administratively final.

Second, Lowrey argues that a request to reopen a prior denial requires that the ALJ compare the evidence used to deny the prior claim to the evidence furnished in support of the request to reopen. Lowrey argues that this is necessary to determine whether the evidence furnished in the second application is "new and material" under 20 C.F.R. § 404.989(a)(1) (2006). Lowrey contends that the ALJ's failure to compare the evidence from the prior claim to the evidence in support of the subsequent claim constitutes an arbitrary selection of evidence in violation of her procedural due process rights.

Lowrey's argument falls short in two respects. First, the language of 20 C.F.R. § 404.988 permits the Commissioner to reopen a prior determination for good cause – it does not require it. "A determination . . . *may* be reopened – within four years of the date of the notice of the initial determination *if* we find

good cause, as defined in § 404.989 to reopen the case." 20 C.F.R. § 404.988(a) (2006)(emphasis added). While the language of §404.989 appears mandatory – "we will find that there is good cause to reopen...if – new and material evidence is furnished" – the final decision to reopen may be denied even if good cause exists. See Earley v. Dep't of Health and Human Serv. 776 F.2d 782, 784-85 (8th Cir. 1985)(finding that "there is no statutory or regulatory provision requiring a hearing on the issue of good cause.").

Second, if Lowrey's argument were to be accepted, when viewed in conjunction with her first argument, every denial by the ALJ to reopen a claim would be found to be either a constructive reopening or a colorable constitutional claim. If the ALJ were required to review the evidence of a prior file in order to determine if the evidence presented with a subsequent claim was "new and material," then, if he does review the prior file, he could be found to have constructively reopened the claim. If he refuses, he will be found to have violated due process. This reasoning would allow judicial review for every denial to reopen, an outcome clearly inconsistent with the Act and regulations.

Accordingly,

**IT IS HEREBY ORDERED** that this case is dismissed with prejudice.

A separate judgment in accord with this Memorandum and Order is entered this date.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 4th day of February, 2008.